IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD BUKSTEL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JEHU HAND, et al.** | : | **NO. 15-3951** |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                   **AUGUST 20, 2015**

Plaintiff Edward Bukstel brings this civil action against several defendants based on their involvement in a federal lawsuit filed against plaintiff and his company, VitaminSpice Inc. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bukstel leave to proceed *in forma pauperis* and dismiss his complaint.

**I.      FACTS**

Bukstel's complaint names as defendants Jehu Hand, Dylan Steinberg, John Stapleton, the law firm of Hangley Aronchick Segal Pudlin & Schiller, Carlos Duque, John Robison, Jeremiah Learned Hand, Kevin Lee Woodbridge, Aryadne Woodbridge, Kimberly Peterson, and Peter Edward Sheridan. The complaint raises claims for wrongful use of civil proceedings pursuant to Pennsylvania's Dragonetti Act, 42 Pa. Cons. Stat. § 8351, based on the defendants' alleged misconduct in a 2011 lawsuit filed against Bukstel and VitaminSpice for securities fraud, among other things. *See Advanced Multilevel Concepts, Inc. v. Bukstel*, Civ. A. No. 11-3718 (E.D. Pa.). That case was settled in May of 2013. In September 2014, Bukstel filed a motion for relief from judgment, in which he accused his adversaries of perpetrating a fraud on the Court. The Court denied that motion and Bukstel's subsequent motion for reconsideration. In his complaint in the instant action, Bukstel reasserts his allegations that the defendants committed

1

fraud on the Court in connection with the 2011 case and purports to bring claims against them under Federal Rules of Civil Procedure 60(b)(2) and (3).

## II.     STANDARD OF REVIEW

Bukstel is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As he is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous or malicious. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Bukstel is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

The Court will dismiss Bukstel's claims brought pursuant to Federal Rules of Civil Procedure 60(b)(2) and (3)—counts 1, 2 and 5 of the complaint—as legally frivolous. Rules 60(b)(2) and (3) do not provide a basis for a civil claim against the defendants. Instead, they

allow a court to vacate a judgment in the event of newly discovered evidence or fraud. Furthermore, as Bukstel should know in light of the Court's denial of the 60(b) motion he filed in the 2011 case, Federal Rule of Civil Procedure 60(c)(1) prohibits litigants from invoking Rules 60(b)(2) and (3) as a basis for vacating a judgment more than a year after the judgment is entered. As judgment in the 2011 case was entered in May of 2013, it is too late for Bukstel to invoke Rules 60(b)(2) and (3) as a basis for vacating that judgment. Additionally, Bukstel's purported Rule 60(b) claims are malicious to the extent they are based on arguments that he raised or could have raised in the 60(b) motion and related briefing he filed in the 2011 action.

      The Court will dismiss plaintiff's remaining Dragonetti Act claims—counts 3, 4, a duplicate count 4, and count 6 of the complaint—for lack of subject matter jurisdiction. The only plausible independent basis for subject matter jurisdiction over those state law claims is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Here, the complaint reflects that Bukstel and several of the defendants are citizens of Pennsylvania. Accordingly, the parties are not completely diverse for purposes of § 1332, such that there is no basis for subject matter jurisdiction over Butskel's Dragonetti Act claims. If he seeks to pursue those claims, he must proceed in state court.

## IV.   CONCLUSION

      For the foregoing reasons, the Court will dismiss Butskel's claims under Federal Rules of Civil Procedure 60(b)(2) and (3) with prejudice, and will dismiss his Dragonetti Act claims without prejudice to him refiling those claims in state court. Butskel will not be given leave to

---

[1] Neither the 2011 case nor an involuntary bankruptcy proceeding filed against VitaminSpice, which was dismissed before this lawsuit was filed, provides a basis for subject matter jurisdiction over Butskel's state law claims. *See In re VitaminSpice*, No. 11-16200 (Bankr. E.D.Pa.).

4

file an amended complaint in this case because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

      An appropriate order follows, which shall be docketed separately.

O:\CIVIL 15\15-3951 bukstel v. hand\15-3951.memo.IFP.dismiss.2015.08.19.docx