IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| EDWARD BUKSTEL<br><br>       v.<br><br>JEHU HAND, et al. | CIVIL ACTION<br><br>NO. 15-3951 |
|---|---|

**Baylson, J.**                                                                                      **June 28, 2016**

**MEMORANDUM RE PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pro se plaintiff Edward Bukstel ("Mr. Bukstel") has filed a Motion for Fraud on the Court (ECF 19) under Federal Rule of Civil Procedure ("Rule") 60(b), seeking reconsideration of this Court's Order dated August 20, 2015 (the "August 20 Order", ECF 3) denying Mr. Bukstel's claims under Rule 60(b)(2) and (3) with prejudice.

In dismissing Mr. Bukstel's Rule 60(b) claims, this Court held that the claims were not only untimely but also "malicious to the extent they are based on arguments that he raised or could have raised in the 60(b) motion and related briefing he filed in the 2011 action." (ECF 3 at 3). Mr. Bukstel now argues that new evidence, heretofore unavailable and not litigated in any of the previous actions, requires reconsideration of the August 20 Order.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In this case, there has been no intervening change in law, nor has the Court made any clear error of fact or law in dismissing Mr. Bukstel's Rule 60(b) claims, which were and still are

legally frivolous.  Nor has Mr. Bukstel shown that his "new evidence" demands a different result.  The August 20 Order dismissed, with prejudice, Mr. Bukstel's Rule 60(b) claims because "it [was] too late for [him] to invoke Rules 60(b)(2) and (3) as a basis for vacating" the judgment entered in a prior action.  (ECF 3 at 3).  None of the new "evidence" provided in Mr. Bukstel's motion militates in favor of altering that determination.  Mr. Bukstel's motion will therefore be denied.

An appropriate Order follows.

O:\CIVIL 15\15-3951 bukstel v. hand\15cv3951.Memo re 60b Motion.docx